IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER L. REDAVID, JR. | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DEBRA SAUERS, et al., | : | No. 10-5523 |
|     Respondents. | : | |

REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                                                                               April 21, 2011
U.S. MAGISTRATE JUDGE

      Petitioner Walter L. ReDavid, Jr., a prisoner at the State Correctional Institution in Forest County, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks to challenge a series of convictions that became final nearly fifteen years ago. For the following reasons, I respectfully recommend ReDavid's federal habeas petition be DENIED with prejudice as untimely under § 2244(d)(1).

FACTUAL AND PROCEDURAL HISTORY

      On March 30, 1992, a jury convicted ReDavid of committing six burglaries. See Opinion at 1, Commonwealth v. ReDavid, Nos. 8446-90, 9868-90, 10537-90, 472-91 (Pa. Ct. Com. Pl. Del. May 4, 2009) [hereinafter PCRA Ct. Op.]. On January 26, 1993, a judge convicted ReDavid of committing four more burglaries in a stipulated bench trial. Id. On February 25, 1994, he was sentenced to ten-and-one-half-to-twenty-one years imprisonment, to be served consecutive to two unrelated federal sentences. Id.

      ReDavid appealed, alleging: (1) evidence was insufficient to establish his participation in the burglaries; (2) the warrant to search his co-defendant's apartment was not supported by

probable cause; (3) the trial court erred by admitting evidence of previous burglaries; and (4) counsel was ineffective for failing to move for severance.  Memorandum at 2, Commonwealth v. ReDavid, No. 1261 Phila. 1994 (Pa. Super. Ct. July 24, 1995) [hereinafter Direct Appeal Op.]. On July 24, 1995, the Superior Court affirmed.  Id. at 20.  ReDavid filed a petition for allowance of appeal to the Supreme Court, which was denied on December 19, 1995.  See Order, Commonwealth v. ReDavid, No. 620 E.D. Alloc. Dkt. 1995 (Pa. Dec. 19, 1995).

At the time of the Supreme Court's denial, ReDavid was in federal custody for unrelated offenses.  See Memorandum at 2, Commonwealth v. ReDavid, No. 1006 EDA 2009 (Pa. Super. Ct. Aug. 26, 2010) [hereinafter PCRA Appeal Op.].  On May 23, 2006, ReDavid completed his federal sentences and was transferred to state custody to serve his burglary sentences.  Id.  On August 8, 2007, ReDavid filed a pro se petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  See Motion for Post Conviction Collateral Relief at 1, Commonwealth v. ReDavid, Nos. 8446-90, 9868-90, 10537-90, 472-91 (Pa. Ct. Com. Pl. Del. Aug. 8, 2007) [hereinafter PCRA Petition].  He later amended his petition, alleging the trial court erred by: (1) denying a continuance so ReDavid could fire his trial attorney for refusing to present an alibi defense; (2) failing to grant a mistrial after the prosecutor made improper statements during his closing argument; and (3) conducting a conference in chambers without ReDavid's knowledge, during which trial counsel falsely stated he had interviewed possible alibi witnesses.  See Amended Petition for Post-Conviction Relief at 4-5, Commonwealth v. ReDavid, Nos. 8446-90, 9868-90, 10537-90, 472-91 (Pa. Ct. Com. Pl. Del. Feb. 23, 2008) [hereinafter Amended PCRA Petition].  ReDavid also alleged trial counsel ineffectiveness for: (1) failing to interview and present alibi witnesses; (2) failing to comply with

a trial court directive to interview alibi witnesses; (3) falsely stating to the judge he had interviewed alibi witnesses; (4) proceeding to trial while suffering from mental and physical impairments; (5) engaging in criminal activity, namely, failure to file income tax returns, during the course of the trial; and (6) failing to impeach witness testimony. Id. at 6-8. ReDavid further alleged appellate counsel ineffectiveness for failure to raise and preserve the foregoing issues on direct appeal. Id. at 8-9. On May 4, 2009, the PCRA court dismissed ReDavid's petition as untimely. PCRA Ct. Op. at 1. On August 26, 2010, the Superior Court affirmed. PCRA Appeal Op. at 3.

On October 8, 2010, ReDavid filed a federal habeas petition alleging ineffective assistance of trial counsel for: (1) failing to present an alibi defense; (2) proceeding with representation despite impairments; (3) engaging in criminal activity; (4) falsely stating he had interviewed alibi witnesses; and (5) failing to object to the admission of an electric bill. See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 10-12, ReDavid v. Sauers, No. 10-5523 (E.D. Pa. Dec. 10, 2010) [hereinafter Habeas Petition]. He also asserts he was excluded from a robing room conference during trial, he was arbitrarily denied time to replace his attorney, he was improperly denied a mistrial based on improper closing arguments by the prosecutor, and the state courts erred in finding his PCRA petition time-barred. Id. at 8-10, 12-13. Finally, ReDavid seeks an evidentiary hearing. Id. at 17-18.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year federal limitations period for filing applications for writs of habeas corpus. It provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus

3

by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 further provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

ReDavid's judgment of sentence became final on March 20, 1996, ninety days after the Pennsylvania Supreme Court denied review on direct appeal. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the ninety-day time limit for filing a writ of certiorari in the United States Supreme Court). Therefore, ReDavid had one year from March 20, 1996 -- that is, until March 20, 1997 -- to file his federal habeas petition. See id.; § 2241(d)(1)(A). ReDavid filed his habeas petition more than thirteen years later, on October 8, 2010. See Habeas Petition at 19. Therefore, ReDavid's petition is timely only if he can establish

4

the federal limitations period was tolled through October 8, 2010, or he satisfies an exception to the federal limitations period. See § 2244(d).

I.	Tolling During State Collateral Review

The federal limitations period may be tolled while a state collateral proceeding is pending if the collateral petition was properly filed under state law. § 2244(d)(2). A properly filed state petition is one "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998); see also Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (where the state court rejected petitioner's PCRA petition as untimely, the petition was not "properly filed," and the petitioner was not entitled to statutory tolling under § 2244(d)(2)). PCRA petitions are "the sole means of obtaining [state] collateral relief . . . , including habeas corpus." 42 Pa. Cons. Stat. Ann. § 9542.

The state courts deemed ReDavid's pro se PCRA petition untimely. PCRA Ct. Op. at 1; PCRA Appeal Op. At 3. The PCRA's one-year statute of limitations runs from the "expiration of time for seeking [direct] review." 42 Pa. Cons. Stat. Ann. § 9545. Therefore, ReDavid's one-year period for filing a PCRA petition expired on March 20, 1997, and his PCRA petition was filed ten years too late.[1] See PCRA Ct. Op. at 4. Thus, ReDavid's PCRA petition was not

---

[1] The PCRA court found, and the Superior Court affirmed, that ReDavid did not qualify for the "interference by government officials" exception to the one-year bar, see § 9545(b)(1)(i), because incarceration in federal custody does not constitute government interference. PCRA Ct. Op. at 4; PCRA Appeal Op. at 3. Although ReDavid attempts to challenge the state courts' interpretation and application of state procedural requirements governing the filing of PCRA petitions, such a challenge is not cognizable on habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991).

State court rulings on questions of state law are binding in federal habeas proceedings. Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004). A state court determination that a post-conviction petition is untimely is not properly subject to second-guessing on federal habeas review. Pace, 544 U.S. at 414. State court findings of fact relevant to procedural compliance are

"properly filed," and he is not entitled to statutory tolling under § 2244(d)(2). See Pace, 544 U.S. at 417.

II.  Statutory Exceptions

ReDavid attempts to excuse his failure to file within AEDPA's one-year limitations period by invoking both statutory exceptions and the doctrine of equitable tolling. Construing his habeas filings liberally, see Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002), and reading them together with the arguments he made in state court, he primarily invokes two statutory exceptions.[2] First, ReDavid alleges his federal incarceration was an "impediment to filing" a timely PCRA petition.[3] See Habeas Petition at 5; Memorandum of Law [in Support of Reply] at 13, ReDavid v. Sauers, No. 10-5523 (E.D. Pa. Mar. 3, 2011) [hereinafter Reply Mem.]; see also § 2244(d)(1)(B). ReDavid has cited no cases, and I have found none, suggesting incarceration alone constitutes the type of impediment contemplated by § 2244(d)(1)(B). See Phillips v. Folino, No. 07-395, 2008 WL 339817, at *3 (E.D. Pa. Feb. 4, 2008) (routine extradition transfer not "state interference" under § 2244(d)(1)(B)); cf. Spencer v. Magrady, No. 10-703, 2010 WL 5830500, at *3-4 (E.D. Pa. Dec. 1, 2010) (confiscation of papers for one year after prison transfer might constitute "state interference"). ReDavid has presented no evidence that government

---

entitled to a "presumption of correctness" that a petitioner must rebut through "clear and convincing evidence." Washington v. Sobina, 509 F.3d 613, 621 (3d Cir. 2007). ReDavid has offered no such evidence here.

[2] ReDavid does not assert any claim that relies on a new rule of retroactively applicable constitutional law. See § 2244(d)(1)(C).

[3] Although ReDavid does not explicitly claim his incarceration prevented him from filing a timely habeas petition, he has implicitly asserted such a claim by arguing his federal sentence delayed his PCRA filing, thus delaying his habeas filing.

6

interference prevented him drafting and filing documents in state or federal court, or from accessing his own legal files, which he admits were in the possession of his family. See Reply Mem. at 3, 14.

Second, ReDavid claims his request for relief is based on facts not known to him until the summer of 2007. See Habeas Petition 17-18; Reply Mem. at 3-4, 14-15. However, the factual predicates upon which ReDavid's claims are based were discoverable in the exercise of due diligence either during trial, upon review of the trial transcripts, during direct appeal, or when his trial attorney was convicted of tax evasion in 1999. See § 2244(d)(1)(D); Amended PCRA Petition at ¶ 18(b)-(c) (citing supporting exhibits). Under AEDPA, the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," § 2244(d)(1)(D), not the date on which the factual predicate was actually discovered by the petitioner, Slutzker v. Johnson, 393 F.3d 373, 382 n.9 (3d Cir. 2004) (quoting Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)). In order to qualify for this exception, ReDavid must show that, exercising due diligence, he could not have learned of the evidence in question at a substantially earlier date. Wilson v. Beard, 426 F.3d 653, 660 (3d Cir. 2005) ("[I]t is not enough to suggest that [petitioner] could have learned about [the evidence] by happenstance.").

ReDavid knew he was denied time to hire new counsel, he was denied a mistrial during closing arguments, and trial counsel failed to present an alibi defense or object to the electric bill's admission[4] because he was present during trial when those events and omissions occurred.

---

[4] This claim is also procedurally defaulted. A federal court may not grant habeas relief to a state prisoner unless the prisoner has exhausted his available remedies in state court. See § 2254(b); Cone v. Bell, 129 S. Ct. 1769, 1780 (2009). Under Pennsylvania law, ReDavid has

7

His exclusion from the robing room conference and counsel's false statements during that conference regarding investigation of alibi witnesses were discoverable immediately after trial, when the trial transcript was prepared. ReDavid does not suggest he was prevented from obtaining and reviewing copies of his trial transcript; rather, he admits his family was in possession of his legal files, including the relevant portions of the transcript.[5] See Reply Brief at 3, 14. Nor does ReDavid suggest anything interfered with his ability to contact the potential alibi witnesses to find out whether they were interviewed and why they did not appear at trial.

Instead, ReDavid apparently contends his motivation to challenge his counsel's performance only arose after a fellow inmate informed him of counsel's subsequent criminal conviction. See Reply Brief at 13. However, his trial attorney's conviction and related documents detailing his mental state were discoverable in 1999. See Trade Waste Mgmt. Ass'n, Inc. v. Hughey, 780 F.2d 221, 234 (3d Cir. 1985) (records of criminal convictions and pending criminal charges "are by definition public"); Amended PCRA Petition at Ex. 3 (transcript of

---

waived his claim regarding the electric bill because he failed to properly present it to the state courts on direct appeal or in a PCRA petition. See 42 Pa. Cons. Stat. Ann. § 9544(b). Such state law waiver precludes federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 729 (1991).

[5] ReDavid suggests Moore v. Knight, 368 F.3d 936 (7th Cir. 2004), is analogous to his situation. In Moore, the petitioner suspected ex parte communications between his trial judge and the jury only after a friend mentioned the possibility after his conviction became final. Id. at 938-39. The Seventh Circuit held the discovery of the factual predicate for claims arising from those communications was established when petitioner obtained the affidavits from jurors over a year later, because it was not until then that he had "specific, concrete information regarding what had transpired." Id. at 939. Here, however, ReDavid knew his alibi witnesses did not testify at trial, but apparently did not attempt to discover the reason why until a decade later. Furthermore, unlike in Moore, the robing room conference in which ReDavid's attorney claimed to have interviewed his witnesses was transcribed, and the transcript was in ReDavid's possession in a garbage bag at his family's home. Reply Memo at 3, 13-14.

counsel's Oct. 6, 1999 sentencing hearing).⁶ ReDavid has not demonstrated he was prevented from accessing such public information an earlier date by exercising due diligence, see Wilson, 426 F.3d at 660, nor has he established how learning of counsel's criminal conviction forms the factual basis for his other claims about counsel's trial performance. See § 2244(d)(1)(D). Under these circumstances, ReDavid does not qualify for a statutory exception to the limitations period.

Moreover, even if he qualified for an exception, ReDavid would have had only one year after the interference stopped, or after the factual predicate was established, to file his habeas petition. See § 2244(d)(1). The only interference ReDavid alleges -- federal incarceration -- ended in May 2006. See PCRA Appeal Op. at 2. And based on ReDavid's characterization, he discovered the factual predicate underlying his claims in June 2007. See Reply Mem. at 14. So even giving ReDavid every benefit of the doubt, the statute of limitations began to run -- at the latest -- in June 2007, and ReDavid's habeas petition had to be filed by June 2008.⁷ See § 2244(d)(1). Accordingly, even if ReDavid had satisfied a statutory exception to the federal limitations period, his petition would still be untimely. See § 2244(d)(1)(B)-(D).

III.   Equitable Tolling

Equitable tolling is appropriate when petitioner demonstrates two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

---

⁶ Furthermore, ReDavid has made no showing how his trial attorney's failure to pay taxes or mental state impacted this trial.

⁷ReDavid could have filed a protective habeas petition while his PCRA petition was pending, and requested the federal courts hold his habeas proceedings in abeyance pending resolution of his claims in state court. See Rhines v. Weber, 544 U.S. 269 (2005). In choosing not to do so, ReDavid took a gamble by assuming the state courts would find he qualified for an exception to the limitations period there, a gamble ReDavid ultimately lost.

9

way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418); see also Schlueter, 384 F.3d at 75-76. The statute of limitations "can be tolled when principles of equity would make [its] rigid application unfair." Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008) (quoting Shendock v. Dir. Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)). Extraordinary circumstances, for equitable tolling purposes, require more than "'garden variety' or 'excusable neglect,'" Holland, 130 S. Ct. at 2564, but less than gross negligence coupled with "'bad faith, dishonesty, divided loyalty, mental impairment, or so forth on the lawyer's part,'" id. at 2562-63. The diligence standard required by the doctrine of equitable tolling is "reasonable diligence," not "maximum feasible diligence." Id. at 2565 (internal citations and quotations omitted). ReDavid must prove facts demonstrating his entitlement to relief from custody. See Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Much of ReDavid's equitable tolling argument repeats his statutory exception claims. See Reply Mem. at 13-17. The same facts that render ReDavid ineligible for a statutory exception defeat his equitable tolling claim. First, ReDavid has not shown he was "diligently pursuing his rights." Pace, 544 U.S. at 418. He asserted no collateral claims after his trial, where he watched as his attorney called no alibi witnesses and failed to object to the admission of an electric bill, and he knew he was denied a mistrial and an opportunity to hire new counsel.[8] In addition, he essentially admits he did not review his trial transcripts until he retrieved them from his family's home more than fifteen years after the jury trial about which he now complains. See

---

[8] Although he did pursue a direct appeal, none of these claims were raised at that time. See Direct Appeal Op. at 2.

Reply Mem. at 13-14; PCRA Ct. Op. at 1.

Second, ReDavid has not established the existence of any "extraordinary circumstances" justifying his failure to comply with the limitations period. Pace, 544 U.S. at 418. Routine prison transfers generally do not warrant equitable tolling. See Lucero v. Suthers, 16 F. App'x 964, 965 (10th Cir. 2001) (noting prison transfers are "commonplace"). I find nothing extraordinary about ReDavid's federal incarceration or his transfer to state custody in 2006, or about the fact ReDavid may have misplaced his legal files and later recovered them after they were located at his family's home.

The only claims ReDavid has arguably pursued with any diligence are those arising from trial counsel's subsequent criminal proceedings. However, the fact counsel was later convicted of tax evasion and diagnosed with Attention Deficit Disorder does not constitute an extraordinary circumstance warranting equitable tolling. ReDavid has not demonstrated whether or how those facts impacted counsel's performance at his trial in 1992. Further, the fact of counsel's conviction and testimony about his mental state were made public in 1999, see generally Amended PCRA Petition at Ex. 3; even if extraordinary, such facts would only warrant equitable tolling until the time they were publicly available, and only for the claims arising from them.[9] See Ford v. Sisto, No. 08-01968, 2009 WL 294711 (C.D. Cal. Feb. 03, 2009) (denying equitable tolling for ineffective assistance of counsel claim because petitioner failed to establish how

---

[9] Even where aextraordinary circumstances prevent timely filing, equitable tolling will not extend the limitations period indefinitely because he must demonstrate diligence in pursuing his rights. See Pace, 544 U.S. at 418. Here, ReDavid had actual knowledge of the facts surrounding his counsel's conviction and mental state in 2007, but failed to pursue those claims in federal court until more than three years later. He has alleged no basis for tolling the limitations period beyond June 2007 aside from the state courts' dismissal of his PCRA petition, which is not an extraordinary circumstance justifying equitable tolling. Id.

attorney's felony conviction for income tax evasion made it impossible to file a habeas petition on time).

Finally, ReDavid summarily claims actual innocence and cites authority suggesting such a claim provides a basis for equitable tolling. See Reply Mem. at 16 (citing cases finding tolling appropriate where a petitioner makes "a credible showing of actual innocence"). However, ReDavid offers no evidence to support his bare assertion of innocence. Although some of his claims refer to alibi witnesses, ReDavid offers no summary of what the testimony of those witnesses would be.[10] Under these circumstances, ReDavid has not made the type of credible showing of innocence that would render application of the statute of limitations unfair. See Urcinoli, 546 F.3d at 272.

In sum, ReDavid failed to file his federal habeas petition before the federal limitations period expired. He has not satisfied the requirements of any statutory exceptions to the federal limitations period, nor has he demonstrated equitable tolling is warranted. Therefore, I recommend ReDavid's federal habeas petition be dismissed as untimely.

IV.     Evidentiary Hearing

ReDavid seeks an evidentiary hearing on the claims raised in his petition. See Habeas Petition at 18; Reply Mem. at 22. A district court has discretion to grant an evidentiary hearing if

---

[10]ReDavid's Amended PCRA Petition does briefly describe the alibi testimony, listing witnesses who would state ReDavid was painting an acquaintance's home "during the night of the crime of issue." See Amended PCRA Petition at ¶ 23(c)-(f). However, ReDavid was convicted of committing a total of ten burglaries occurring on multiple dates in the fall of 1990, see Direct Appeal Op. at 2-4, and it is unclear to which, if any, of the incident dates the alleged alibi witnesses would testify.

12

the petitioner meets the limitations of section 2254(e)(2).[11] Goldblum v. Klem, 510 F.3d 204, 220-21 (3d Cir. 2007). The decision to hold an evidentiary hearing should focus on whether the hearing would be meaningful, i.e., it would have the potential to advance the petitioner's claim or evidence outside the record would help petitioner's cause. Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000). A petitioner bears the burden of showing the hearing would be meaningful by "'forecast[ing] . . . evidence beyond that already contained in the record' that would help his cause, 'or otherwise . . . explain how his claim would be advanced by an evidentiary hearing.'" Id. (quoting Cardwell v. Greene, 152 F.3d 331, 338 (4th Cir. 1998)). An evidentiary hearing, however, "is not required on issues that can be resolved by reference to the state record." Id. at 221 (quoting Schriro v. Landrigan, 550 U.S. 465, 474 (2007)).

ReDavid claims a hearing should be held to "offer [evidence] concerning the factual allegations in the petition," Habeas Petition at 18, but he has not explained how an evidentiary hearing would advance his claims. See also Reply Mem. at 22 (summarily referencing "factual disputes"). As discussed above, even if his allegations regarding the discovery of his claims' factual predicates are correct, his petition is still untimely. ReDavid has failed to demonstrate how an evidentiary hearing could assist him in avoiding that inevitable legal conclusion, and I find no basis on which an evidentiary hearing would be meaningful. ReDavid's request for an evidentiary hearing is, therefore, denied.

Accordingly, I make the following recommendation:

---

[11] A federal court cannot hold an evidentiary hearing unless the applicant shows the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered, or the applicant shows the "facts underlying the claim would be sufficient to establish . . . that but for the constitutional error, no reasonable factfinder would have found the applicant guilty." § 2254(e)(2).

**RECOMMENDATION**

AND NOW, this 21st day of April, 2011, it is respectfully recommended the petition for a writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[12] The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy thereof. See Fed. R. Civ. P. 72. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[12] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.