IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WALTER L. REDAVID,
        Petitioner,

v.                             CIVIL ACTION NO. 10-CV-5523

DEBRA SAUERS, et al.,
        Respondents.

**ORDER**

AND NOW, this 31st day of January, 2012, upon consideration of the pro se Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for an Evidentiary Hearing (ECF No. 14) filed by Walter L. Redavid, and after careful and independent review of the full record including the comprehensive Report and Recommendation of Magistrate Judge Timothy R. Rice (R&R, ECF No. 15), and after consideration of Petitioner's pro se[1] Objections to the Report and Recommendation (ECF No. 22), it is **ORDERED** as follows:

1.       Petitioner's Objections to the Report and Recommendation are **OVERRULED**.

2.       The Report and Recommendation is **APPROVED** and **ADOPTED**.

3.       The Petition For Writ Of Habeas Corpus is **DISMISSED**.[2]

---

[1] Pro se pleadings are subject to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] In 1992 and 1993, Petitioner was convicted of ten burglaries in the Court of Common Pleas of Delaware County. (R&R 1.) The Superior Court of Pennsylvania affirmed the judgment of sentence on July 24, 1995. Pennsylvania Supreme Court denied allocatur on December 19, 1995. (*Id.* at 2.) Petitioner did not appeal to the United States Supreme Court. (*Id.*) After serving a number of years in federal custody on unrelated charges, Petitioner was transferred to state custody on May 23, 2006. (*Id.*)

Petitioner filed a pro se petition for collateral review under Pennsylvania's Post-Conviction Relief Act (PCRA) on August 8, 2007. (*Id.* at 2.) That petition was dismissed by the Common Pleas Court as untimely on May 4, 2009. The Superior Court affirmed the dismissal on August 26, 2010. Petitioner filed the instant federal habeas petition on October 8, 2010.

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Generally, this period runs from the date when the state judgment becomes final. If state-level collateral review is pending, the period is tolled. § 2244(d)(1)(A)-(2). If filing the petition was impossible because of an impediment created by illegal state action, the subsequent recognition of a new right by the United States Supreme Court, or the revelation of facts that were previously unavailable, the period runs from the first date on which the conditions which had fostered such impossibility were no longer in effect. § 2244(d)(1)(B)-(D).

Petitioner's judgment became final on March 20, 1996, ninety days after the denial of allocatur. (Objections 2; *see Morris v. Horn*, 187 F.3d 333, 337 & n.1 (3d Cir. 1999)). Since Petitioner did not file this petition by March 20, 1997, he must demonstrate why the limitations period here should be tolled, or why he satisfies one of the exceptions articulated in § 2244(d).

Initially, Petitioner invokes § 2244(d)(2), claiming that his PCRA petition tolls the limitations period. (Objections 3.) Petitioner further claims that the PCRA petition was wrongfully dismissed by the PCRA court. (*Id.* at 4-5.) He cites the "interference of government officials" as cause for his delayed PCRA petition. (*Id.* at 6.) He also claims that "the state courts either never addressed" or "misinterpreted" his claims that his PCRA petition was excepted from the statute of limitations by 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(I)-(iii). (Objections 6.)

"When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Federal courts conducting habeas review cannot re-examine state court determinations as to state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless "clear and convincing evidence" suggests otherwise, such determinations are presumed correct. 28 U.S.C. § 2254(d)(1); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004). Petitioner proffers no such evidence. He merely states that the PCRA court was wrong to dismiss his petition, and did not set out its reasoning for doing so. Since the PCRA court's ruling on an issue of state law is presumed correct, and Petitioner offers no evidence as to why we should not defer to it, we decline to toll the federal habeas period pursuant to § 2244(d)(2).

Next, Petitioner seeks to avail himself of the statutory exceptions delineated in § 2244(d)(1). We need not address the exceptions Petitioner invoked in his original petition. We agree completely with the Magistrate Judge's analysis. Petitioner's arguments are wholly devoid of merit. (R&R 6-9.) We will focus on two claims. First, Petitioner argues that "the trial court's denial of [his] presence at all phases of his trial" amounted to an "impediment" to filing caused by state action. (Objections 8.) Second, Petitioner claims that the emergence of new facts entitles him to a tolling of the limitations period pursuant to § 2244(d)(1)(D). (Objections 8-9.)

Petitioner's "impediment" argument relates to his claim that he was denied a fair trial because he was not present during a robing room conference between counsel and the court. (*Id.* at 8.) We will not reach the merits of this claim, except insofar as we conclude that such an exclusion, even if it were to somehow create a legal ground for relief, does not explain why there was a thirteen-year delay in the filing of the petition. Petitioner points to no state action which prevented him from timely filing his habeas challenge.

-2-

4.   Petitioner's Motion for an Evidentiary Hearing is **DENIED**.[3]

---

Most of Petitioner's "new facts" arguments appear to be thinly disguised attempts to raise the merits of his petition. Petitioner claims that he was unable to discover the fact that his trial counsel was convicted of a crime until 2006. (Objections 7-8.) We find Petitioner's claim to be meritless. Petitioner's counsel was convicted of tax evasion in 1999. Even assuming that the fact is somehow pertinent to Petitioner's claims, which we doubt, Petitioner could have, through the exercise of reasonable diligence, learned of the conviction in 1999. It was a matter of public knowledge in the community in which Petitioner and his family lived. Even if we were to determine that this fact was unavailable until 2006, when Petitioner claims to have learned of his attorney's criminal conviction, this would not entitle Petitioner to an unlimited tolling of the limitations period. If Petitioner's limitations period began to run in June 2006, shortly after he learned of counsel's legal troubles, he was obligated to file by June 2007. There is no legal basis upon which to toll the limitations period so as to permit this pet. ition to be heard on the merits.

Finally, Petitioner seeks equitable tolling of the statute of limitations. (Objections 14.) "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, a petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S., at 418. "Mere excusable neglect is not sufficient." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 619 (3d Cir. 1999).

Petitioner points to several purported extraordinary circumstances to justify equitable tolling. First, he claims his attorney was ineffective for participating in a discussion with the judge and prosecutors outside Petitioner's presence. (Objections 15.) Second, he points to the judge's decision to hold such a discussion outside Petitioner's presence. (*Id.*) Third, he says that the PCRA court's refusal to entertain his PCRA petition justifies equitable tolling. (*Id.*) Finally, Petitioner claims he is innocent, though he offers no support for this claim. (*Id.* at 17.)

Petitioner's request for equitable tolling relies on the same arguments he advances in support of his other claims. These arguments concern the merits of the petition; they do not explain why his petition is over ten years late. Allegations of error at trial do not constitute the sort of "extraordinary circumstance" that would justify a thirteen year delay in filing this petition. We are compelled to conclude that Petitioner neglected to file a habeas petition without good cause, and that this failure arose solely from his lack of diligence in pursuing collateral review.

Petitioner has waited to seek relief in the federal courts for over a decade. Since he is eligible for none of the statutory exceptions, and has failed to present adequate reasons to justify equitable tolling, his Petition is dismissed as time-barred.

---

[3] We may only hold an evidentiary hearing if a § 2254 claim relies on either a new, retroactively applicable rule of constitutional law, or a factual predicate that could not have been discovered by the petitioner, or the petitioner can show his innocence. 28 U.S.C. § 2254(e)(2). Petitioner's claim meets none of these criteria. Accordingly; we have no authority to hold such a hearing.

5. A certificate of appealability will not issue.[4]

**IT IS SO ORDERED.**

BY THE COURT:

*[signature]*

R. BARCLAY SURRICK, J.

---

[4] A certificate of appealability only issues if reasonable jurists could disagree with the Court's disposition of this matter. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurists could disagree with our finding that this claim is time-barred.